UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHANIEL LERUM,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HERITAGE-CRYSTAL CLEAN, INC., et al.,<br><br>　　　　　　Defendant. | Case No. 3:25-cv-05136-TMC<br><br>ORDER ON DISCOVERY DISPUTE |

## I.　ORDER

On January 7, 2026, pursuant to the undersigned's chambers procedures, the parties filed a joint statement summarizing their discovery dispute over eight third-party subpoenas Defendants intend to issue. Dkt. 18. Through email to the courtroom deputy, the parties asked the Court to issue a decision on the papers and waived the opportunity for a Zoom hearing. The Court rules as follows:

**A.　Mental Health Records**

Defendants intend to issue subpoenas to two treating medical providers identified in Plaintiff's initial disclosures for a broad range of documents in their possession, including any records of mental health treatment. Dkts. 18-3, 18-4, 18-5, 18-6. Although Plaintiff disclosed

Jeffrey Sala and Claudia A. Holsen as treating providers who may testify, Dkt. 18-16 at 15–16, nothing in the record suggests that Plaintiff intends to rely on those providers to support his claim for garden-variety emotional distress, and the parties agree Plaintiff has not alleged a diagnosed psychological injury. Dkt. 18 at 2. The testimony of these providers, to whom Plaintiff was referred by the Department of Labor & Industries, about the elbow injury for which Plaintiff alleges he sought accommodation does not place at issue any mental health records that may be in their possession. *See, e.g.*, *E.E.O.C. v. Big Five Corp.*, No. C17-1098RSM, 2018 WL 2317613, at *4 (W.D. Wash. May 22, 2018); *E.E.O.C. v. Cheesecake Factory, Inc.*, No. C16-1942JLR, 2017 WL 3887460, at *4 (W.D. Wash. Sept. 6, 2017); *see also* RCW 49.60.510 (limiting waiver of heath care privileges in claims under the Washington Law Against Discrimination).

      The Court therefore GRANTS Plaintiff's request for a protective order under Federal Rule of Civil Procedure 26(c)(1) and ORDERS that the subpoenas to these providers be modified to exclude mental health records. If, however, Plaintiff changes course and intends to rely on either provider to support his claim for emotional distress damages, Defendants may seek reconsideration of this Order.

**B.**    **Subsequent Employment Records**

      Plaintiff also objects to the scope of subpoenas directed at places he worked after Defendants terminated his employment: the City of Ellensburg, Seven Motor Corporation, WSDOT, and CleanTech Environmental Inc. Dkt. 18 at 3–4; *see* Dkts. 18-7, 18-8, 18-9, 18-14. As Plaintiff correctly notes, "[g]enerally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance." *Greenburg v. Red Robin Int'l, Inc.*, No. C17-6052 BHS, 2018 WL 2329671, at *1 (W.D. Wash. May 23, 2018) (quoting *Paananen v. Cellco P'ship*, No. C08-1042 RSM, 2009

ORDER ON DISCOVERY DISPUTE - 2

WL 2057048, at *3 (W.D. Wash. July 15, 2009)). Defendants here have not made such a showing. Defendants claim broadly that they "are entitled to explore whether Plaintiff has requested accommodation [or] asserted claims of mistreatment with subsequent employers and the grounds for his separation of employment for mitigation purposes." Dkt. 18 at 4. But courts in this district routinely reject these types of generalizations. *See, e.g.*, *Greenburg*, 2018 WL 2329671, at *1 ("The Court declines to allow Red Robin's fishing expedition into Greenburg's private records based on a hypothetical that can be determined with a simple request for admission."); *Scott v. Multicare Health Sys.*, No. C18-0063-JCC, 2019 WL 1559211, at *2 (W.D. Wash. Apr. 10, 2019) ("Plaintiff's allegations against Defendants have put her employment at Auburn Medical Center at issue, and do not implicate her performance at Piedmont, whether she has raised similar concerns at Piedmont, or whether Piedmont has disciplined her on the same grounds as Defendants.").

The Court therefore GRANTS Plaintiff's request for a protective order under Federal Rule of Civil Procedure 26(c)(1) and ORDERS that the subpoenas to these four subsequent employers be modified to exclude the language to which Plaintiff has objected.

## II. CONCLUSION

For the foregoing reasons, the Court ORDERS Defendants to modify their subpoenas as set forth above.

Dated this 12th day of January, 2026.

Tiffany M. Cartwright
United States District Judge